IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Alternative Distribution Systems, Inc. | ) | Case No. 09-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| May Logistics Services, Inc. | ) | Case No. 09-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ADS Logistics, LLC | ) | Case No. 09-_____ (___) |
| | ) | |
| Debtor. | ) | |

**MOTION OF THE DEBTORS FOR AN ORDER
DIRECTING JOINT ADMINISTRATION OF CHAPTER
11 CASES PURSUANT TO BANKRUPTCY RULE 1015(b)**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"),[1] by and through their undersigned counsel, hereby move this Court for entry of an order, substantially in the form attached hereto as **Exhibit A**, providing for the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only (the "Motion"). In further support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alternative Distribution Systems, Inc. (2412); May Logistics Services, Inc. (4970); and ADS Logistics, LLC (0782).

## Jurisdiction

1. The Court has jurisdiction over the Motion under 28 U.S.C. § 1334.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue of these chapter 11 cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory and rule-based predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (11 U.S.C. §§ 101–1532, as amended, the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Background

5. On the date hereof (the "Petition Date"), Alternative Distributions Systems, Inc. and two of its affiliates each filed a voluntary petition for relief under title 11 of the Bankruptcy Code, commencing the Debtors' chapter 11 cases (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases and, as of the date of the filing of this Motion, no official committees have been appointed or designated.

6. The factual background relating to the Debtors' commencement of these Chapter 11 Cases is set forth in detail in the *Declaration of Timothy M. May, Chief Operating Officer of each of the Debtors, in Support of First Day Pleadings* (the "May Declaration") filed on the Petition Date and incorporated herein by reference.

## Relief Requested

7. By this Motion, the Debtors seek an order directing the joint administration of these Chapter 11 Cases, for procedural purposes only, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

8. The joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for each of the Chapter 11 Cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. The Debtors anticipate that numerous notices, applications, motions, and other pleadings, hearings and orders in these cases will affect all of the Debtors.

9. Joint administration will save time and money and avoid duplicative and potentially confusing filings by permitting parties in interest to: (a) use a single caption on all documents that will be served and filed in the Debtors' Chapter 11 Cases; and (b) file pleadings in one case rather than in multiple cases. Joint administration will also protect parties in interest by ensuring that parties in each of the Debtors' respective Chapter 11 Cases will be apprised of the various matters before the Court in these cases. Joint administration of these Chapter 11 Cases will ease the administrative burden for the Court and all parties in interest.

10. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases because the relief sought in this Motion is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or interest.

11. In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows (including footnote text included at bottom of page):

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Alternative Distribution Systems, Inc., *et al.*[1] | ) | Case No. 09-_____ ( ) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

12. The Debtors submit that use of this simplified caption will eliminate cumbersome and confusing procedures and ensure uniformity of pleadings.

13. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each case to reflect the joint administration of these Chapter 11 Cases:

> "An order pursuant to Federal Rule of Bankruptcy Procedure 1015(b) has been entered in this case directing the joint administration of the chapter 11 cases of Alternative Distribution Systems, Inc. (Case No. 09-____), May Logistics Services, Inc. (Case No. 09-____) and ADS Logistics, LLC (Case No. 09-____). The case of Alternative Distribution Systems, Inc. (Case No. 09-____) has been designated the 'lead' case; accordingly, the docket in Case No. 09-____ should be consulted for all matters affecting the chapter 11 case of this debtor."

14. Finally, the Debtors seek authority to file, on a consolidating basis, the monthly operating reports required by the United State Trustee if the Debtors determine, after consultation with the United States Trustee, that consolidating reports would further administrative economy and efficiency without prejudice to any party in interest and that consolidating reports would accurately reflect the Debtors' business operations and financial affairs.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alternative Distribution Systems, Inc. (2412); May Logistics Services, Inc. (4970); and ADS Logistics, LLC (0782).

## Basis for Relief

15.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

16.     Local Rule 1015-1 states that "[a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties." Del. Bankr. L.R. 1015-1.

17.     Section 105(a) of the Bankruptcy Code also provides this Court with the power to grant the relief requested herein. Section 105(a) of the Bankruptcy Code states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

## Notice

18.     Notice of this Motion has been given to: (a) the United States Trustee; (b) the Prepetition Agent for the First Lien Lenders; (c) counsel for the Prepetition Agent for the First Lien Lenders; (d) the Collateral Agent for the Second Lien Lenders; (e) counsel for the Collateral Agent for the Second Lien Lenders; (f) the Debtors' thirty largest unsecured creditors as set forth in the consolidated list filed with the Debtors' petitions; and (g) all required governmental agencies. In light of the nature of the relief requested, and the text of Local Rule

1015-1, which does not require notice or a hearing on a motion regarding joint administration, the Debtors submit that no further notice is required.

WHEREFORE, the Debtors respectfully request for the reasons set forth herein and in the May Declaration that the Court enter an order in substantially the form attached hereto as **Exhibit A**, directing the joint administration of the Debtors' Chapter 11 Cases and granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
September 2, 2009

**COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.**

*/s/*

Norman L. Pernick (No. 2290)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

-and-

**PROSKAUER ROSE LLP**
Jeff J. Marwil (*pro hac vice* pending)
Peter J. Young (*pro hac vice* pending)
Grayson T. Walter (*pro hac vice* pending)
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois 60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551

*Proposed Co-Counsel for Debtors and Debtors in Possession*