IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Alternative Distribution Systems, Inc., et al.[1] | ) | Case No. 09-_____ ( ) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

## APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PROSKAUER ROSE LLP *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby apply (this "Application") to this Court for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to employ and retain Proskauer Rose LLP ("Proskauer"), as lead counsel for the Debtors, effective *nunc pro tunc* to the Petition Date (defined below). In support of this Application, the Debtors rely on the Declaration of Jeff J. Marwil of Proskauer (the "Marwil Declaration") attached hereto as **Exhibit B** and the *Declaration of Timothy M. May, Chief Operating Officer of the Debtors, in Support of First Day Pleadings* (the "May Declaration") filed concurrently herewith. In further support of this Application, the Debtors respectfully represent as follows:

### Jurisdiction

1. The Court has jurisdiction over the Motion under 28 U.S.C. § 1334.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue of these chapter 11 cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alternative Distribution Systems, Inc. (2412); May Logistics Services, Inc. (4970); and ADS Logistics, LLC (0782).

4. The statutory and rule-based predicates for the relief requested herein are sections 327(a), 328, 329, 330, 503(b), 504 and 507(a)(2) of title 11 of the United States Code (11 U.S.C. §§ 101–1532, as amended, the "Bankruptcy Code"), Rules 2014, 2016, 5002 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Background

5. On the date hereof (the "Petition Date"), Alternative Distributions Systems, Inc. and two of its affiliates each filed a voluntary petition for relief under title 11 of the Bankruptcy Code, commencing the Debtors' chapter 11 cases (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases and, as of the date of the filing of this Motion, no official committees have been appointed or designated. Concurrently herewith, the Debtors filed a motion seeking joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).

6. The factual background relating to the Debtors' commencement of these Chapter 11 Cases is set forth in detail in the May Declaration filed on the Petition Date and incorporated herein by reference.

## Relief Requested

7. The Debtors seek the entry of an order, substantially in the form of the proposed order submitted herewith, pursuant to sections 327(a) and 330 of the Bankruptcy Code,

2

Bankruptcy Rules 2014(a), 2016 and 6003 and Local Rules 2014-1, 2016-1 and 9013-1(d), authorizing the employment and retention of Proskauer.

### *The Retention of Proskauer*

**A.     Proskauer's Qualifications**

8.     The Debtors selected Proskauer because its attorneys have extensive experience, knowledge and resources in the area of debtors' and creditors' rights, and, in addition to a national bankruptcy practice, have extensive experience with the bankruptcy courts in various jurisdictions. Proskauer has the ability to commit substantial resources to legal problems on an urgent basis. The Debtors, therefore, believe that Proskauer is well qualified to represent them in these Chapter 11 Cases.

9.     In assisting the Debtors with the filing of these Chapter 11 Cases and as a result of Proskauer's prepetition representation of the Debtors, Proskauer's attorneys have become familiar with the complex factual and legal issues that will have to be addressed in these Chapter 11 Cases. The retention of Proskauer, with its knowledge of and experience with the Debtors and the industry in which they operate, will assist in the efficient administration of the estates, thereby minimizing the expense to the estates.

10.     Proskauer is well suited to represent the Debtors in these Chapter 11 Cases. Proskauer has extensive experience in handling large and complex chapter 11 cases, including the representations of United Subcontractors, Inc., Philadelphia Newspapers, LLC, G.I. Joe's, Inc., Caritas Health Care, Inc., Whitehall Jewelers, Inc., Frank's Nursery & Crafts, Inc., Lechters N.Y.C., Inc., The Museum Company, Inc., Rose's Stores, Inc., Metalforming Technologies, Inc., Happy Kids, Inc., Superior Telecom, Inc., Advanced Glassfiber Yarns, LLC, Provell, Inc., Tandycrafts, Inc., MMH Holdings, Inc., Trism, Inc., Golden Books Family Entertainment, Inc.,

3

Reeves Industries, Inc., Lone Star Industries, Inc., LJ Hooker Corporation, Inc., Todd Shipyards Corporation, Al Copeland Enterprises, Inc. (Popeye's and Church's Fried Chicken), Vestron, Inc., Berkey, Inc., Ithaca Industries, Inc., Reeves Industries, Inc., Buster Brown Apparel, Inc., the chapter 11 trustee of Allegheny Health, Education and Research Foundation and numerous other corporations and clients for which Proskauer has provided services similar to those described herein. Thus, Proskauer has the requisite expertise on matters which are likely to arise in these Chapter 11 Cases including, without limitation, the handling of complex bankruptcy and debt reorganization problems and procedures arising in the chapter 11 framework.

11. The primary attorneys anticipated to work on this engagement are Jeff J. Marwil, Peter J. Young and Grayson T. Walter. Mr. Marwil is a partner, and Messrs. Young and Walter are associates, at Proskauer. Messrs. Marwil, Young and Walter are members in good standing of the bar of the State of Illinois.

12. Contemporaneously herewith, the Debtors have filed an application seeking to retain Cole, Schotz, Meisel, Forman & Leonard, P.A., as their local counsel, in these Chapter 11 Cases. Proskauer does not maintain an office in the State of Delaware and, therefore, the Debtors are required to retain local counsel.

13. The services of Cole, Schotz, Meisel, Forman & Leonard, P.A will complement, and not duplicate, the services rendered by Proskauer. Indeed, the Debtors are extremely mindful of the need to avoid duplication of services and will implement appropriate procedures to ensure that there is minimal, if any, duplication.

**B.** **Services to Be Provided**

14. The Debtors require Proskauer to act as their counsel for insolvency and related matters and to render legal services relating to the day-to-day administration of these Chapter 11

1130/15761-001 Current/15487943v2

47705/0001-5961903v1

Cases and the myriad problems that may arise in these cases, including, without limitation, the following services:

    a.    advising the Debtors of their powers and duties as debtors in possession;

    b.    advising the Debtors regarding matters of bankruptcy law;

    c.    representing the Debtors in proceedings and hearings in the United States District and Bankruptcy Courts for the District of Delaware;

    d.    preparing on behalf of the Debtors any necessary motions, applications, orders and other legal papers;

    e.    providing assistance, advice and representation concerning any potential sale of the Debtors as a going concern or the sale of all or a significant portion of the Debtors' assets;

    f.    providing assistance, advice and representation concerning the confirmation of any proposed plan(s) and solicitation of any acceptances or responding to rejections of such plan(s);

    g.    providing assistance, advice and representation concerning any investigation of the assets, liabilities and financial condition of the Debtors that may be required under local, state or federal law;

    h.    prosecuting and defending litigation matters and such other matters that might arise during these Chapter 11 Cases;

    i.    providing counseling and representation with respect to assumption or rejection of executory contracts and leases, sales of assets and other bankruptcy-related matters arising from these cases;

    j.    rendering advice with respect to general corporate and litigation issues relating to these cases, including, but not limited to, securities, corporate finance, labor, tax and commercial matters; and

    k.    performing such other legal services as may be necessary and appropriate for the efficient and economical administration of these Chapter 11 Cases.

1130/15761-001 Current/15487943v2

47705/0001-5961903v1

C. **Professional Compensation**

15. The Debtors have determined to seek authority from this Court to employ Proskauer under an advance fee payment, at Proskauer's customary hourly rates and under Proskauer's customary reimbursement policies, as set forth in the Marwil Declaration.

16. Subject to this Court's approval, Proskauer will charge for its legal services on an hourly basis in accordance with its hourly rates in effect on the date such services are rendered and for its actual, reasonable and necessary out-of-pocket disbursements incurred in connection therewith, as set forth in the Marwil Declaration. For the information of the Court, the range of hourly rates generally charged by Proskauer, subject to periodic adjustment, is:

| | |
|---|---|
| Partner | $490–$975; |
| Senior Counsel | $350–$725; |
| Associate | $180–$650; and |
| Paraprofessionals | $70–$275. |

17. Proskauer intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the Local Rules and general orders of this Court, guidelines established by the United States Trustee and such other procedures as may be fixed by order of the Court. Compensation will be payable to Proskauer in compliance with the above rules, on an hourly basis, plus reimbursement of actual and necessary expenses incurred by Proskauer.

18. A statement of the compensation paid for services rendered or to be rendered in contemplation of or in connection with these cases by Proskauer, and the source of such compensation, is included in the Marwil Declaration.

1130/15761-001 Current/15487943v2

47705/0001-5961903v1

D.  **Proskauer's Disinterestedness**

19. Based upon the Marwil Declaration attached hereto as **Exhibit B**, the Debtors believe that, except as set forth therein, Proskauer's partners and associates do not hold or represent any interest adverse to the Debtors and that Proskauer and each of its partners and associates is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

20. Based upon the Marwil Declaration, the Debtors believe that Proskauer's partners and associates have no connection with the Debtors, the Debtors' directors and executive management, the Debtors' other professionals, the Debtors' equity holders, the Debtors' primary secured creditors, the Debtors' largest unsecured creditors, the Judges of the United States Bankruptcy Court for the District of Delaware, the United States Trustee (Region 3) and the Assistant Trustee and Trial Attorneys for the office of the United States Trustee, except as set forth in the Marwil Declaration.

## Basis for Relief

21. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under [the Bankruptcy Code].

11 U.S.C. § 327(a).

22. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other

7

party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

23. Based on the foregoing, the Debtors submit that they have satisfied the requirements of the Bankruptcy Code, Bankruptcy Rules and Local Rules to support entry of an order authorizing the Debtors to employ and retain Proskauer in these Chapter 11 Cases.

24. The Debtors believe that the employment of Proskauer would be in the best interests of the Debtors and their estates and desire to employ Proskauer, effective as of the Petition Date, with compensation to be determined upon application to this Court. Were the Debtors required to engage counsel other than Proskauer in connection with these proceedings, the Debtors, their estates and all parties in interest would be unduly prejudiced by the time and expense necessarily attendant to such counsel's familiarization with the intricacies of the Debtors' businesses and financial affairs.

## Notice

25. Notice of this Motion has been given to: (a) the United States Trustee; (b) the Prepetition Agent for the First Lien Lenders; (c) counsel for the Prepetition Agent for the First Lien Lenders; (d) the Collateral Agent for the Second Lien Lenders; (e) counsel for the Collateral Agent for the Second Lien Lenders; (f) the Debtors' thirty largest unsecured creditors as set forth in the consolidated list filed with the Debtors' petitions; and (g) all required governmental agencies. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

1130/15761-001 Current/15487943v2

47705/0001-5961903v1

WHEREFORE, the Debtors respectfully request for the reasons set forth herein and in the May Declaration that the Court enter an order in substantially the form attached hereto as **Exhibit A**: (a) authorizing and approving the retention and employment by the Debtors of Proskauer as their counsel, effective as of the Petition Date; (b) directing that copies of all notices, pleadings and other documents filed in these cases and any and all adversary proceedings be served upon Proskauer Rose LLP, Three First National Plaza, 70 West Madison, Suite 3800, Chicago, Illinois 60602, Attn: Jeff J. Marwil, Peter J. Young and Grayson T. Walter; and (c) granting such other and further relief as this Court deems just and proper.

Dated: September 2, 2009
       Wilmington, Delaware

**Alternative Distribution Systems, Inc.**
**May Logistics Services, Inc.**
**ADS Logistics, LLC**

/s/ Timothy M. May
Timothy M. May
Chief Operating Officer

1130/15761-001 Current/15487943v2

47705/0001-5961903v1