IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Alternative Distribution Systems, Inc., *et al.*[1] | ) Case No. 09-13099 (PJW) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | Related to Docket No. 15 |

**ORDER: (I) APPROVING BIDDING PROCEDURES IN
CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL
OF THE DEBTORS' ASSETS; (II) SCHEDULING A HEARING TO
CONSIDER THE SALE OF ASSETS; (III) APPROVING THE FORM AND
MANNER OF NOTICE THEREOF; (IV) APPROVING EXPENSE
REIMBURSEMENT; AND (V) GRANTING RELATED RELIEF**

Upon consideration of the motion of the above-captioned debtors (collectively, the "Debtors"), pursuant to sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code (the "Bankruptcy Code"), as supplemented by Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order (this "Bidding Procedures Order"): (I) approving bidding procedures in connection with the sale of substantially all of the Debtors' assets; (II) scheduling a hearing to consider the sale of assets; (III) approving the form and manner of notice thereof; (IV) approving expense reimbursement; and (V) granting related relief (the "Motion")[2] [*Docket No. 15*]; the Court having determined that the relief provided herein is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of the hearing on the Motion, and the full record of these

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alternative Distribution Systems, Inc. (2412); May Logistics Services, Inc. (4970); and ADS Logistics, LLC (0782).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

47705/0001-5962070v3

cases; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**FOUND AND DETERMINED THAT:**[3]

A.  This Court has jurisdiction over the Motion and the transactions contemplated by the Stalking Horse APA pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.  Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein with respect to the Auction and Sale Hearing. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties-in-interest.

C.  The Debtors' proposed notice of the Bidding Procedures is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction (as defined in the Bidding Procedures), the sale of the Purchased Assets, and the Bidding Procedures to be employed in connection therewith.

D.  The Debtors have articulated good and sufficient business reasons for this Court to approve the Bidding Procedures, including: (i) the payment of the Expense Reimbursement, if necessary, to Buyer in accordance with the Stalking Horse APA; (ii) the scheduling of a bid deadline, auction and sale hearing for the sale of the Purchased Assets; and (iii) the establishment of procedures to fix the Cure Amounts to be paid under section 365 of the Bankruptcy Code in connection with the assumption, assignment and/or transfer of the Executory Contracts and Unexpired Leases.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when applicable. See Bankruptcy Rule 7052.

47705/0001-5962070v3

E.  The Stalking Horse APA and its terms were negotiated by the Debtors and Buyer in good faith and at arms-length.

F.  The Bidding Procedures are reasonably designed to maximize the value to be achieved for the Purchased Assets.

G.  The Debtors have demonstrated that the Expense Reimbursement is an actual and necessary cost and expense of preserving the Debtors' estates, within the meaning of section 503(b) of the Bankruptcy Code, and of substantial benefit to the Debtors' estates by inducing the Buyer's bid, which has established a bid standard or minimum for other bidders for the Purchased Assets, thereby ensuring that during the Auction, if any, the Debtors receive the highest or best bid possible for the Purchased Assets.

H.  The entry of this Bidding Procedures Order is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Motion is granted as set forth herein.

2.  All objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3.  The Bidding Procedures, in substantially the form attached hereto as Schedule 1, are hereby incorporated herein and approved, and shall apply with respect to the sale of the Purchased Assets. The Debtors are authorized to take all actions necessary or appropriate to implement the Bidding Procedures.

4.  As further described in the Bidding Procedures, the deadline for submitting bids for the Purchased Assets (the "Bid Deadline") is [ *Oct. 8* ], 2009 at 12:00

noon (prevailing Eastern time). No bid shall be deemed to be a Qualified Bid (as defined in the Bidding Procedures) or otherwise considered for any purposes unless such bid meets the requirements set forth in the Bidding Procedures.

5. The Debtors may sell the Purchased Assets by conducting an Auction in accordance with the Bidding Procedures. If Qualified Bids are timely received by the Debtors in accordance with the Bidding Procedures, the Auction shall take place on [ *Oct. 9* ], 2009 at 10:00 a.m. (prevailing Eastern Time) at the offices of Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, or such other place and time as the Debtors shall notify all Qualified Bidders, any statutory committee appointed in these cases, and other invitees. If, however, no such Qualified Bid is received by the Bid Deadline, then the Auction will not be held and the Debtors shall promptly seek Bankruptcy Court approval of the Stalking Horse APA.

6. Each Qualified Bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale.

7. The Auction will be conducted openly.

8. Bidding at the Auction will be transcribed or videotaped.

9. The Sale Hearing shall be held before this Court on October 14, 2009 at 2:00 p.m. (prevailing Eastern Time), or as soon thereafter as counsel and interested parties may be heard.

10. On or before three (3) business days after entry of this Bidding Procedures Order, the Debtors will cause: (A) the notice, substantially in the form attached hereto as Schedule 2 (the "Notice of Auction and Sale Hearing") and a copy of this Bidding Procedures Order to be sent by first-class mail postage prepaid, to the following: (i) the Office of the United

4

States Trustee; (ii) counsel for the Buyer; (iii) counsel for any statutory committee in these cases, if and when appointed; (iv); counsel to the administrative agent for the Debtors' prepetition First Lien Lenders; (v) counsel to the agent for the Debtors' postpetition secured lenders; (vi) counsel to the collateral agent for the Debtors' prepetition Second Lien Lenders; (vii) all taxing authorities and other governmental agencies having jurisdiction over any of the Purchased Assets, including the Internal Revenue Service; (viii) all parties that have requested or that are required to receive special notice pursuant to Bankruptcy Rule 2002; (ix) all Persons known or reasonably believed to have asserted any lien, claim, encumbrance, right of first refusal, or other Interest in or upon any of the Purchased Assets; (x) the non-Debtor parties to the Executory Contracts and Unexpired Leases and any parties who are known to claim interests therein; (xi) all Persons known or reasonably believed to have expressed an interest in acquiring all or substantially all of the Purchased Assets within the last six months; (xii) the Attorneys General in the States where the Purchased Assets are located; (xiii) the United States Environmental Protection Agency; and (xiv) any applicable state environmental agency; (B) the Notice of Auction and Sale Hearing to be served on all known creditors of the Debtors; and (C) the Notice of Auction and Sale Hearing to be published once in one or more publications the Debtors deem appropriate, including but not limited to <u>The Wall Street Journal</u> (national edition).

11. On or before three (3) business days after the entry of the Bidding Procedures Order, the Debtors shall serve by first class mail or hand delivery, a notice of potential assumption, assignment and/or transfer of the Executory Contracts and Unexpired Leases (substantially in the form attached hereto as <u>Schedule 3</u> the "<u>Notice of Assumption and Assignment</u>") on all non-debtor parties to the Executory Contracts and Unexpired Leases. The Notice of Assumption and Assignment shall identify the calculation of the cure amounts that the

5

Debtors believe must be paid to cure all prepetition defaults under the Executory Contracts and Unexpired Leases (the "Cure Amounts"). In addition, if the Debtors identify additional executory contracts or unexpired leases that might be assumed by the Debtors and assigned to Buyer not set forth in the original Notice of Assumption and Assignment, the Debtors shall promptly send a supplemental notice (a "Supplemental Notice of Assumption and Assignment") to the applicable counterparties to such additional executory contracts and unexpired leases.

12. Unless the non-debtor party to an Executory Contract or Unexpired Lease files an objection (the "Cure Amount/Assignment Objection") to (a) its scheduled Cure Amount and/or (b) the proposed assumption, assignment and/or transfer of such Executory Contract or Unexpired Lease by the later of (i) 4:00 p.m. (prevailing Eastern time) on the date that is three (3) business days prior to the Bid Deadline or (ii) ten (10) days after service of the applicable Supplemental Notice of Assumption and Assignment (such later date, the "Cure/Assignment Objection Deadline") and serves a copy of the Cure Amount/Assignment Objection so as to be received no later than the Cure/Assignment Objection Deadline on the same day to: (a) Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801 (Attn: Norman L. Pernick, Esq.), co-counsel to the Debtors; (b) Proskauer Rose LLP, 70 West Madison, Suite 3800, Chicago, Illinois 60602 (Attn: Jeff J. Marwil, Esq. and Grayson T. Walter, Esq.), co-counsel to the Debtors; (c) Alternative Distribution Systems, Inc., 116 East 1100 North, Chesterton, Indiana 46304 (Attn: Timothy M. May); (d) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn: Richard Schepacarter); (e) counsel to any statutory committee that may be appointed in these cases; (f) Sidley Austin LLP, 1 South Dearborn, Chicago, Illinois, 60603 (Attn: Larry Nyhan, Esq.), co-counsel to the agent for the Debtors' postpetition lenders; and

(g) Richards Layton & Finger, 920 North King Street, Wilmington, Delaware, 19801 (Attn: Mark Collins, Esq.), co-counsel to the agent for the Debtors' postpetition lenders; (collectively, the "Notice Parties"); then such non-debtor party (i) will be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to such Executory Contract and Unexpired Lease and the Debtors shall be entitled to rely solely upon the Cure Amount, and (ii) if the Executory Contract or Unexpired Lease was identified as a Purchased Asset and the Buyer is the Successful Bidder, will be deemed to have consented to the assumption, assignment and/or transfer of such Executory Contract and Unexpired Lease and will be forever barred and estopped from asserting or claiming against the Debtors, the Buyer or such other Successful Bidder or any other assignee of the relevant Executory Contract or Unexpired Lease that any additional amounts are due or defaults exist, or conditions to assumption, assignment and/or transfer must be satisfied, under such Executory Contract or Unexpired Lease.

13. If an objection challenges a Cure Amount, the objection must set forth the cure amount being claimed by the objecting party (the "Claimed Cure Amount") with appropriate documentation in support thereof. Upon receipt of a Cure Amount/Assignment Objection, the Debtors are authorized, but not directed, to resolve any Cure Amount/Assignment Objection by mutual agreement with the objecting counterparty to any Executory Contract or Unexpired Lease without further order of the Court. In the event that the Debtors and any objecting party are unable to consensually resolve any Cure Amount/Assignment Objection no later than three (3) business days prior to the Sale Hearing, the Court will resolve any such Cure Amount/Assignment Objection at the Sale Hearing.

14. The Debtors, the Buyer or the other Successful Bidder, as the case may be, may determine to exclude any Executory Contract or Unexpired Lease from the list of Purchased Assets no later than one (1) business day prior to the Sale Hearing, or, if the Court determines at any hearing on a Cure Amount/Assignment Objection that the applicable cure amount for such contract is greater than the Cure Amount proposed by the Debtors, no later than five (5) business days following such hearing. The non-debtor party or parties to any such excluded contract or lease will be notified of such exclusion by written notice mailed within two (2) business days of such determination.

15. In the event that the Buyer is not the Successful Bidder for the Purchased Assets and for those Executory Contracts and Unexpired Leases identified in the Notice of Assumption and Assignment, within two (2) business days after the conclusion of the Auction for the Purchased Assets, the Debtors will serve a notice identifying the Successful Bidder to the non-debtor parties to the Executory Contracts and Unexpired Leases that have been identified in such Successful Bid. The non-debtor parties to the Executory Contracts and Unexpired Leases will have until 4:00 p.m. on the date that is two (2) business days prior to the Sale Hearing (the "Adequate Assurance Objection Deadline") to object to the assumption, assignment and/or transfer of such Executory Contract or Unexpired Lease solely on the issue of whether the Successful Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.

16. Objections to the sale of the Purchased Assets, or the relief requested in the Motion must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m. (prevailing Eastern

Time) three (3) business days prior to the Sale Hearing, or such later date and time as the Debtors may agree; and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon the Notice Parties. All objections must state with specificity the nature of such objection and will be heard by the Court at the Sale Hearing.

17. The Notice of Auction and Sale Hearing and the Notice of Assumption, and Assignment to be issued in connection with the proposed sales of the Purchased Assets, substantially in the forms annexed hereto as <u>Schedule 2</u> and <u>Schedule 3</u>, respectively, are approved.

18. The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties in interest other than by announcement of said adjournment before this Court or on this Court's calendar on the date scheduled for said hearing.

19. The Expense Reimbursement as set forth in the Stalking Horse APA is approved. The obligations of Debtors to pay the Expense Reimbursement: (i) shall be entitled to administrative expense claim status under sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code; (ii) shall not be subordinate to any other administrative expense claim against the Debtors (other than any super-priority claim granted under the Interim or Final DIP Order, any carve-out for professional fees and expenses included in the Interim or Final DIP Order, or any adequate protection order in existence as of the date hereof); and (iii) shall survive the termination of the Stalking Horse APA. If incurred pursuant to the Stalking Horse APA, the Debtors shall, without further notice to or order of this Court, pay such amount to the Buyer in cash in accordance with the provisions of the Stalking Horse APA, including, without limitation, that in the event the Debtors elect to sell the Purchased Assets to an Alternate Bidder other than the Buyer, the

Expense Reimbursement shall be paid out of the cash proceeds of the sale to such Alternate Bidder.

20. Except as otherwise provided herein and in the Bidding Procedures, Local Rule 6004-1(c)(ii) is waived.

21. Except as otherwise provided in the Stalking Horse APA or this Bidding Procedures Order, the Debtors further reserve the right as they may reasonably determine to be in the best interests of their estates, subject to conformity with the Bidding Procedures, to: (i) determine which bidders are Qualified Bidders; (ii) determine which bids are Qualified Bids; (iii) determine which Qualified Bid is the highest and best proposal and which is the next highest and best proposal; (iv) reject any bid that is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (c) contrary to the best interests of the Debtors and their estates; (v) remove some of the Purchased Assets from the Auction; (vi) waive terms and conditions set forth herein with respect to all potential bidders; (vii) impose additional terms and conditions with respect to all potential bidders; (viii) extend the deadlines set forth herein; (ix) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; and (x) modify the Bidding Procedures as the Debtors may determine to be in the best interest of their estates or to withdraw the Motion at any time with or without prejudice.

22. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and Bidding Procedures Order shall be effective immediately upon its entry.

47705/0001-5962070v3

23. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Dated: September 16, 2009
Wilmington, Delaware

_____
PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

47705/0001-5962070v3