# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) |
| Alternative Distribution Systems, Inc., *et al.*[1] | ) Case No. 09-13099 (PJW) <br> ) |
| Debtors. | ) Jointly Administered <br> ) <br> ) **Objection Deadline: October 13, 2009 at 4:00 p.m.** <br> ) **(ET)** <br> ) **Hearing Date: November 3, 2009 at 9:30 a.m.** <br> ) **(ET)** |

## APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C., AS SPECIAL REGULATORY COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE PURSUANT TO BANKRUPTCY CODE SECTION 327(e)

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby apply (this "Application") to this Court for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to employ and retain Scopelitis, Garvin, Light, Hanson & Feary, P.C. ("Scopelitis"), as special regulatory counsel to the Debtors, effective *nunc pro tunc* to the Petition Date (defined below). In support of this Application, the Debtors rely on the Declaration of Gregory M. Feary in Support of Application of the Debtors for an Order Authorizing Employment and Retention of Scopelitis, Garvin, Light, Hanson & Feary, P.C., as Special Regulatory Counsel Nunc Pro Tunc to the Petition Date Pursuant to Bankruptcy Code Section 327(e) (the "Feary Declaration") attached hereto as **Exhibit B**. In further support of this Application, the Debtors respectfully represent as follows:

### Jurisdiction

1. The Court has jurisdiction over this Application under 28 U.S.C. § 1334.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alternative Distribution Systems, Inc. (2412); May Logistics Services, Inc. (4970); and ADS Logistics, LLC (0782).

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue of these chapter 11 cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are section 327(e) of title 11 of the United States Code (11 U.S.C. §§ 101–1532, as amended, the "Bankruptcy Code"), Rules 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Background

5. On September 2, 2009 (the "Petition Date"), Alternative Distribution Systems, Inc. and each of the other Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Debtors' chapter 11 cases (the "Chapter 11 Cases"). By order dated September 3, 2009, the Debtors' cases were consolidated for procedural purposes. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases and, as of the date of the filing of this Application, no official committees have been appointed or designated.

6. The Debtors are a provider of integrated transportation, distribution and logistics services for the metals industry, and operate a nationwide network of warehousing, shipping and distribution facilities across fourteen (14) states and Canada. The factual background relating to the Debtors' commencement of these Chapter 11 Cases is set forth in detail in the Declaration of Timothy M. May, Chief Operating Officer of the Debtors in Support of First Day Pleadings, which was filed with the Court on the Petition Date [Docket No. 4].

2

## Relief Requested

7.     The Debtors seek the entry of an order, substantially in the form of the proposed order submitted herewith, pursuant to section 327(e) of the Bankruptcy Code, authorizing the employment and retention of Scopelitis as special regulatory counsel in the Chapter 11 Cases *nunc pro tunc* to the Petition Date.

## Qualifications and Services

8.     Scopelitis is a full service transportation law firm, headquartered in Indianapolis, and also maintaining offices in Chicago, Washington D.C., Los Angeles, Kansas City, Chattanooga and Detroit.  Scopelitis has been providing services to the Debtors for approximately six (6) years.

9.     The Debtors have selected Scopelitis to serve as their special counsel because of its familiarity with the Debtors and with the variety of transportation laws, regulations and issuers applicable to the Debtors and their businesses.  Scopelitis will represent and provide legal advice to the Debtors in connection with, but not limited to: (a) advising and assisting the Debtors with transportation regulatory requirements, applications, approvals, violations, and issues such as those relative to operating authorities, registrations, permits, licenses, vehicle and contractor driver leases, agreements, and other matters necessary for or encompassed within the Debtors' intrastate and interstate transportation and transportation related operations; and (b) to the extent necessary, representation of the Debtor, ADS Logistics, LLC, as a defendant in the putative class action litigation asserted by Manuel Miguelez and the putative class members pending in the Los Angeles County Superior Court, Central District.

10.     In providing transportation-related legal services to the Debtors, Scopelitis has worked closely with the Debtors' management and has become well-acquainted with the Debtors' businesses.  The experience Scopelitis gained before the Petition Date will facilitate its

provision of the services required by the Debtors in the Chapter 11 Cases. The Debtors believe that Scopelitis is both well qualified and uniquely able to act as special regulatory counsel in the Chapter 11 Cases in an efficient and timely manner. The Debtors submit that the employment of Scopelitis is in the best interests of the Debtors, their estates, and their creditors because it will substantially facilitate the efficient administration of the Chapter 11 Cases.

## Professional Compensation

11. For services rendered by Scopelitis in the Chapter 11 Cases, subject to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of this Court, and subject to the Court's approval, compensation will be payable by the Debtors to Scopelitis on an hourly basis. The current hourly rates for attorneys and paralegals at Scopelitis range as follows:

| | |
|---|---|
| Partner | $275–$490; |
| Senior Counsel | $210–$320; |
| Associate | $150–$275; and |
| Paraprofessional | $100–$130. |

These rates are subject to periodic adjustments and the Debtors request authority to pay such revised hourly rates in effect at the time services are rendered.

12. In addition, the Debtors propose to reimburse Scopelitis for expenses incurred in connection with the representation. The expenses charged to clients include, among other things, filing fees, postage and delivery fees, fees for local counsel services, telecopy and photocopy charges, and related expenses, travel expenses, meals, computerized legal research, and the use of other service providers, such as printers or experts and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client. Scopelitis intends to charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to Scopelitis' other clients.

13. To the best of the Debtors' knowledge, the compensation arrangement described above is reasonable and consistent with and typical of arrangement entered into by Scopelitis and other law firms with respect to rendering services for clients such as the Debtors.

14. As set forth in the Feary Declaration, Scopelitis received payment in the amount of $65.00 from the Debtors within the 90-day period prior to the Petition Date. In addition, the Debtors mistakenly paid the sum of $2,520.00 to Scopelitis after the Petition Date, intended as payment on prepetition invoices for services provided by Scopelitis to the Debtors (the "Post-Petition Payment"). The Debtors suggest that the Post-Petition Payment not be applied by Scopelitis to any prepetition invoices, but instead be treated and held by Scopelitis as a retainer in the amount of $2,520 for services to be rendered pursuant to this Application, and subject to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, and other procedures that may be fixed by order of this Court. As set forth in the Feary Declaration, Scopelitis is in agreement with the Debtors' suggestion in that regard.

## No Adverse Interest

15. Based upon the Feary Declaration, to the best of the Debtors' knowledge, information and belief, and except as otherwise set forth in the Feary Declaration, Scopelitis: (a) does not hold or represent any interest adverse to the Debtors on any matters in which Scopelitis is to be engaged; and (b) does not have any connections with the Debtors, their creditors, other parties in interest, and their respective attorneys and accountants.

16. The Debtors have been informed that Scopelitis will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and that if any new relevant facts or relationships are discovered, Scopelitis will promptly supplement its disclosure to the Court.

17. To the best of the Debtors' knowledge, information and belief, Scopelitis is not an equity security holder or an insider of the Debtors; however, Scopelitis is an unsecured creditor of the Debtors, having a general unsecured claim in the amount of $3,847.78 (after taking into account the reversal of the application of the Post-Petition Payment described hereinabove). As set forth in the Feary Declaration, Scopelitis has agreed to waive its unsecured claim in the amount of $3,847.78.

### Basis for Relief

18. Section 327(e) of the Bankruptcy Code provides, in relevant part, as follows:

> The Trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(a).

19. Bankruptcy Rule 2014 provides, in relevant part, as follows:

> An order approving the employment of financial advisors . . . or other professionals pursuant to § 327 . . . of the Code shall be made only on application of the trustee or committee.

Fed. R. Bankr. P. 2014.

20. Local Rule 2014-1(a) provides, in relevant part, as follows:

> An entity seeking approval of employment of a professional person pursuant to 11 U.S.C. § 327 . . . shall file with the Court a motion, a supporting Declaration or verified statement of the professional person and a proposed order for approval.

Del. Bankr. L.R. 2014-1(a).

21. The Debtors believe that the employment and retention of Scopelitis on the terms set forth herein is necessary and in the best interests of their bankruptcy estates. As discussed

above, the expertise of Scopelitis in transportation-related law affecting the Debtors, coupled with the familiarity of Scopelitis with the Debtors' businesses, make Scopelitis uniquely qualified to serve as the Debtors' special regulatory counsel during the Chapter 11 Cases. Moreover, the continued use of Scopelitis as special regulatory counsel will allow the Debtors to avoid the delay and expense associated with replacing Scopelitis with a different law firm.

22. The Debtors submit that the hourly rates and reimbursement policies of Scopelitis are reasonable in light of (a) industry practice; (b) market rates charged for comparable services both in and out of the chapter 11 context; (c) the substantial experience of Scopelitis; and (d) the nature and scope of work already performed by Scopelitis prior to the Petition Date and to be performed by Scopelitis in the Chapter 11 Cases.

23. Subject to the Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, and other procedures that may be fixed by the Court, the Debtors request that Scopelitis be compensated on an hourly basis and that Scopelitis receive reimbursement of actual and necessary expenses incurred in connection with its representation of the Debtors in the Chapter 11 Cases.

24. Based on representations set forth in the Feary Declaration, it is the Debtors' understanding that Scopelitis does not have any agreement or understanding with any other person or entity for sharing compensation received or to be received for services rendered in connection with the Chapter 11 Cases, except as permitted by section 504 of the Bankruptcy Code.

25. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interest of their estates and creditors, and should be granted in all respects.

## Notice

26. Notice of this Motion has been given to: (a) the United States Trustee for the District of Delaware; (b) the Prepetition Agent for the First Lien Lenders; (c) counsel for the Prepetition Agent for the First Lien Lenders; (d) the Collateral Agent for the Second Lien Lenders; (e) counsel for the Collateral Agent for the Second Lien Lenders; (f) the Debtors' thirty largest unsecured creditors as set forth in the consolidated list filed with the Debtors' petitions; (g) all required governmental agencies; and (h) parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no further notice is required.

27. No previous application for relief sought herein has been made to this or any other Court.

[Remainder of Page Intentionally Blank]

WHEREFORE, the Debtors respectfully request that the Court enter an order in substantially the form attached hereto as **Exhibit A**, granting the relief requested in herein and such other and further relief as may be just and proper.

Dated: September 25, 2009
      Wilmington, Delaware

**Alternative Distribution Systems, Inc.**
**May Logistics Services, Inc.**
**ADS Logistics, LLC**

/s/ Timothy M. May
Timothy M. May
Chief Operating Officer